**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. AMEZCUA, et al.,<br><br>　　　　　　Defendants. | 1:20-cv-00799-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO RESPOND** |

## I.　BACKGROUND

Gigi Fairchild-Littlefield ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 9, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

It appears on the face of Plaintiff's Complaint that she has not exhausted her administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## III. DISCUSSION AND ORDER

Plaintiff indicates in the Complaint that she did not complete the process to exhaust her administrative remedies. (ECF No. 1 at 2.) Plaintiff has answered "no" to the question "Is the process completed?" (Id.) Plaintiff also states on page 2 of the Complaint that "Multiple CDCR 602's were rejected and rejection is now pending 602 appeal process." (Id.) Thus, it appears on the face of the Complaint that Plaintiff failed to exhaust her administrative remedies before filing suit.

Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

### **ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: **July 23, 2020**              /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE