UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>   Plaintiff,<br><br>vs.<br><br>R. AMEZCUA, et al.,<br><br>   Defendants. | 1:20-cv-00799-JLT-GSA-PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL**<br>**(Doc. 29.)**<br><br>**ORDER FOR THIS CASE TO PROCEED ONLY AGAINST DEFENDANT AMEZCUA FOR SUBJECTING PLAINTIFF TO ADVERSE CONDITIONS OF CONFINEMENT, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS** |

On February 16, 2022, the assigned magistrate judge issued findings and recommendations, recommending that this action proceed only on Plaintiff's claim against Defendant Sergeant Amezcua for subjecting her to adverse conditions of confinement in violation of the Eighth Amendment, and that all remaining claims and defendants be dismissed from this action based on Plaintiff's failure to state a claim. (Doc. 29.) On March 2, 2022, Plaintiff filed objections to the findings and recommendations. (Doc. 30.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff first objects to the dismissal of her due process claim related to the temporary confiscation of several boxes of her personal property. (Doc. 30 at 2–5.) The magistrate judge

1

correctly indicated in the findings and recommendations that: (a) such a claim cannot be maintained where a post-deprivation remedy for the loss of property is available and; (b) California's tort claim process provides such a post-deprivation remedy. (Doc. 29 at 11–12.) Plaintiff's objections do not undermine the magistrate judge's reasoning.

Plaintiff next appears to object to dismissal of her failure to protect claim, which alleges that Plaintiff was repeatedly assaulted by her cellmate Dixon; that Plaintiff complained about the assault and requested alternative housing; but that her request was refused. (Doc. 25 at 12–16; Doc. 30 at 5.) The magistrate judge recommends dismissing this claim because Plaintiff fails to allege "that any named Defendant knew that she would be subject to serious harm" due to her housing assignment, "yet disregarded the risk and assigned her there anyway, causing her to be harmed." (Doc. 29 at 16.) Rather than directly objecting to that reasoning, Plaintiff asks the Court to "consider whether the deliberate withholding of confirmation of an inmate's claim of an assault does not in itself perhaps amount to some sort of violation?" (Doc. 30 at 5.) Plaintiff further asserts there were two confidential statements from witnesses that "were deliberately removed from consideration." (*Id*.) In her complaint, she further elaborates that these witness statements were deliberately disregarded to protect inmate Dixon. (Doc. 25 at 14.) Even focusing on these facts, the failure to protect claim remains defective, because Plaintiff does not allege that any particular Defendant knew Plaintiff had been previously assaulted by Dixon and nonetheless disregarded the risk of future assaults. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued by the magistrate judge on February 16, 2022, (Doc. 29), are adopted in full;
2. This action now proceeds only with Plaintiff's claims against defendant Sergeant Amezcua for subjecting Plaintiff to adverse conditions of confinement in violation of the Eight Amendment;
3. All remaining claims and defendants are dismissed from this action based on Plaintiff's failure to state a claim;
4. Plaintiff's claims for excessive force, assault by cellmate, loss of personal

        property, confinement in Ad-Seg, false reports against her, and failure to protect her are dismissed from this case for failure to state a claim;

5. Defendant Central California Women's Facility is dismissed from this case based on Eleventh Amendment Immunity; and

6. This case is referred back to the magistrate judge for further proceedings, including service of process.

IT IS SO ORDERED.

Dated:   **March 15, 2022**　　　　　　　　　　／s／ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE