UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD, | **1:20-cv-00799-JLT-GSA-PC** |
| Plaintiff, | **ORDER DIRECTING CLERK TO SEND A COPY OF DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF** |
| vs. | |
| | **(ECF No. 39.)** |
| R. AMEZCUA, et al., | |
| Defendants. | **ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN OPPOSITION TO THE MOTION TO DISMISS** |
| | **THIRTY-DAY DEADLINE** |

On September 22, 2022, defendant Amezcua ("Defendant") filed a motion to dismiss this case. (ECF No. 39.) On November 10, 2022, Plaintiff filed an opposition to the motion. (ECF No. 43.) In the opposition, Plaintiff stated that she never received a copy of Defendant's motion to dismiss and therefore does not know on what grounds the motion to dismiss is based. (Id. at 3:20-26.) On November 18, 2022, the Court re-served a copy of the pending motion to dismiss upon Plaintiff and allowed her to withdraw her prior opposition and file an amended opposition within 30 days. (ECF No. 45.)

On December 9, 2022, Plaintiff filed another opposition to the motion to dismiss. (ECF No. 47.) Again, Plaintiff stated that she never received a copy of Defendant's motion to dismiss and therefore does not know on what grounds the motion to dismiss is based. (Id. at 3:20-23,

4:6-7.)  Plaintiff claims that she received Document 39, which is the motion to dismiss, but she also claims that Document 39 is dated October 22, 2022, which is not in accordance with the Court's record.  Therefore, the Court cannot ascertain whether Plaintiff has received a copy of the motion to dismiss.

The Court shall again open a time period for Plaintiff to file a further opposition to Defendant's pending motion to dismiss, if she so wishes.  The Court will not consider multiple oppositions however, thus Plaintiff has two options upon receipt of this order.  Plaintiff may either: (1) stand on her previously-filed opposition, or (2) withdraw it and file an Amended Opposition.  The Amended Opposition, if any, must be complete in itself and must not refer back to any of the opposition documents Plaintiff filed on November 10, 2022 or December 9, 2022. L.R. 220.[1]

This shall be Plaintiff's **final opportunity** to file an opposition to the motion to dismiss. If Plaintiff does not file an amended opposition to Defendant's motion to dismiss by **January 24, 2023**, her existing opposition filed on December 9, 2022, will be considered in resolving the motion to dismiss.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office is directed to re-serve a copy of Defendant's motion to dismiss (ECF No. 39), filed on September 22, 2022, upon Plaintiff;

2.    Plaintiff may, **on or before January 24, 2023**, withdraw her opposition filed on December 9, 2022 and file an Amended Opposition to Defendant's motion to dismiss;

3.    If Plaintiff does not file an Amended Opposition in response to this order, her existing opposition, filed on December 9, 2022, will be considered in resolving Defendant's motion to dismiss; and

---

[1] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  No pleading shall be deemed amended or supplemented until this Rule has been complied with.  All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

4.       If Plaintiff elects to file an Amended Opposition in response to this order, Defendant may file a reply pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   __**December 19, 2022**__                    _____**/s/ Gary S. Austin**_____
                                                                    UNITED STATES MAGISTRATE JUDGE