UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>             Plaintiff,<br><br>      vs.<br><br>R. AMEZCUA, et al.,<br><br>             Defendants. | **1:20-cv-00799-JLT-GSA-PC**<br><br>**ORDER IN RESPONSE TO PLAINTIFF'S QUERY AND MOTION**<br><br>**(ECF No. 54.)** |

## I.      BACKGROUND

Gigi Fairchild-Littlefield ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on September 28, 2021, against defendant R. Amezcua ("Defendant") for subjecting Plaintiff to adverse conditions of confinement in violation of the Eighth Amendment.  (ECF No. 25.)

On September 22, 2022, Defendant filed a motion to dismiss this case.  (ECF No. 39.) On November 10, 2022, Plaintiff filed an opposition to the motion, and on January 3, 2023, Plaintiff filed an amended opposition.  (ECF No. 43.)  On January 17, 2023, Defendant filed a reply to the amended opposition.  (ECF No. 54.)  The motion to dismiss is fully briefed and pending.

This case is also scheduled for a settlement conference on March 9, 2023, at 9:00 a.m. before Magistrate Judge Stanley A. Boone, via ZOOM.  On January 10, 2023, the Court issued an order setting the settlement conference and ordering Plaintiff and counsel for Defendant to appear.  On February 9, 2023, Plaintiff submitted her confidential settlement conference statement.  (ECF No. 58.)

On January 25, 2023, Plaintiff filed "Plaintiff's Query of Defendant's 'Good Faith' Regarding Settlement Conference and/or Alternative Requests by Plaintiff," which is now before the Court.  (ECF No. 54.)  Defendant has not filed a response to Plaintiff's query and/or motion.

## II.   PLAINTIFF'S QUERY AND MOTION

Plaintiff notifies the Court of her concerns regarding the upcoming settlement conference. She questions Defendant's commitment to settlement in light of Defendant's pending motion to dismiss this case.  If Defendant intends to dismiss this case, Plaintiff requests leave to file another response to Defendant's reply to her opposition to the motion to dismiss.  Plaintiff states that she continues to be open to settlement, but if the settlement conference is not going forward she intends to make requests to conduct discovery.

Plaintiff requests Defendant to confirm Defendant's intention to appear and participate in the March 9, 2023 settlement conference by filing a notice with the Court.  In the alternative, Plaintiff requests Defendant to withdraw his previous request for a settlement conference as soon as possible.

## III.   DISCUSSION

The settlement conference is scheduled to go forward on March 9, 2023 at 9:00 a.m. before Magistrate Judge Boone via ZOOM, and Plaintiff and counsel for Defendant Amezcua are required to attend.  The Court expects that the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case. If any party believes that the settlement conference will not be productive, that party shall so inform the court as soon as possible and in advance of the settlement conference.

Defendant's motion to dismiss shall remain pending until after the settlement conference is resolved.  At this stage of the proceedings, Plaintiff shall not be granted leave to file another

response to the motion to dismiss.  If Plaintiff wishes to file another response after the settlement conference is concluded, she should file another request to the Court, informing the Court why she should be granted leave to file a surreply.  A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.   USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited June 9, 2022).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  Parties do not have the right to file surreplies, motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).

The court generally views motions for leave to file a surreply with disfavor. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply. Id. (citing see U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.

## IV.      CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that:

1.      The settlement conference for this case is scheduled to go forward on March 9, 2023 at 9:00 a.m. before Magistrate Judge Boone via ZOOM, and Plaintiff and counsel for Defendant Amezcua are required to attend;

2.      If any party now believes that the settlement conference will not be productive, that party shall so inform the court as soon as possible and in advance of the settlement conference; and

3.      Plaintiff's motion for leave to file another response to the motion to dismiss is denied, without prejudice, to renewing the motion after the settlement conference is concluded.

IT IS SO ORDERED.

Dated:   **February 22, 2023**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE